BENNETT, (MOTTE v.)  See Case No. 9,884.

## Case No. 1,322.

### BENNETT v. PENDLETON.

[1 Cranch, C. C. 146.][1]

Circuit Court, District of Columbia. Dec. Term, 1803.

RECOGNIZANCE — TAKEN OUT OF COURT — JUSTIFICATION — EXONERATION OF MARSHAL.

[A recognizance of bail taken out of court is only de bene esse, and upon the return of the writ and recognizance the plaintiff may object to the sufficiency of the bail, and if adjudged insufficient, the marshal is not discharged. In order to save himself he must take a bail bond, for the appearance of the defendant in all cases. Poe v. Mounger, Case No. 11,240, followed.][2]

Recognizance of bail. The same order was made in this case as in the preceding, [Poe v. Mounger, Case No. 11,240;] the plaintiff's counsel having alleged that the recognizors resided out of the District of Columbia.

The defendant was committed for want of bail; and a rule entered that the bail should not be received without justifying.

## Case No. 1,323.

### BENNETT v. SCOTT.

[1 Cranch, C. C. 339.][1]

Circuit Court, District of Columbia. July Term, 1806.

PARTNERSHIP — SALE BY ONE PARTNER — PLEADING.

If the goods sold belonged to a partnership at the time of sale, the action must be brought in the name of all the partners, although the defendant was ignorant of the partnership.

[At law. Action by Charles Bennett, one of the firm of Bennett & Watts, against James S. Scott.]

E. J. Lee, for plaintiff.
Mr. Youngs, for defendant.

THE COURT instructed the jury, that if they shall be of opinion, from the evidence, that the goods sold and delivered by Charles Bennett to the defendant, were, at the time of the sale, the joint property of C. Bennett and J. Watts, and sold for their joint benefit, the law raises a promise from the defendant to Bennett and Watts jointly, and not to Bennett alone; and that Bennett alone cannot, in the lifetime of Watts, support this action, although the goods may have been sold in the name of Bennett, and the defendant was, at the time of the purchase, ignorant of the existence of the partnership.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [The syllabus of this case is taken from Poe v. Mounger, Case No. 11,240.]